UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81452-CIV-MARRA/MATTHEWMAN

SONNY AUSTIN RAMDEO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

FILED BY KJZ D.C.
Jul 1, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER DENYING MOVANT'S MOTION TO TAKE JUDICIAL NOTICE OF RELATED PROCEEDING [DE 51]

**THIS CAUSE** comes before the Court upon Movant, Sonny Austin Ramdeo's ("Movant") Motion to Take Judicial Notice of Related Proceeding ("Motion") [DE 51]. This matter was referred to the undersigned [DEs 2, 32]. The Government has filed a response [DE 53], and Movant has filed a reply [DE 54].

In his Motion, Movant requests that the Court take judicial notice of certain submissions in an ongoing Freedom of Information Act ("FOIA") case pending in the District of Columbia in which Movant has sought emails between the Government and one of Movant's former attorneys. [DE 51, p. 1]. According to Movant, the FOIA case is relevant to the arguments he made in his § 2255 Petition. *Id.* Movant also seeks for the Court to provide him with emails withheld by the Government in the FOIA case "for the period of September 16, 2013 through the plea withdrawal hearing" as they "are very relevant to these proceedings and should be disclosed to the Court and defendant." *Id.* at p. 2.

1

In response, the Government points out that, on March 19, 2020, in the FOIA case pending in the United States District Court for the District of Columbia, the Court there entered a Memorandum Opinion and Order at Case No. 17-859-cv (ABJ) at DE 52. [DE 53, p. 2]. The Government cites to Federal Rule of Evidence 201(b) and argues that Movant is improperly asking the Court to take judicial notice of "disputed facts or facts resolved against him." *Id.* at p. 3. According to the Government, the court in the FOIA action determined that the e-mails and text messages Movant sought do not exist and entered summary judgment as to that matter. *Id.* at pp. 3-4. Attached to the Government's response is the Memorandum Opinion and Order at issue [DE 53-1].

In reply, Movant contends that

> It is not subject to reasonable dispute based on this Court's own records the existence of the emails in question. What is subject to reasonable dispute is the basis and whether its withholding constitutes a Brady violation—impeachment evidence not obtained for the March 5, 2014 preparation which would support the claims of being sentenced of false information and conflict of interest.

[DE 54, p. 2]. According to Movant, the Declaration of AUSA Ellen Cohen submitted in the FOIA case contradicts witness testimony that AUSA Cohen "vouched for" in the underlying criminal case against Movant. *Id.* at p. 4.

Federal Rule of Evidence 201 discusses when a court should take judicial notice of adjudicative facts. The Rule states that courts may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Courts can take judicial notice of their own records as well as records filed in another court. *Mehmood v. Guerra S.D.D.O.*, No. 18-22122-CIV, 2018 WL 9812061, at *1 (S.D. Fla. June 27, 2018), *report and recommendation adopted*

2

*sub nom. Mehmood v. Guerra*, No. 18-22122-CIV, 2018 WL 9812058 (S.D. Fla. Sept. 17, 2018), *aff'd,* 783 F. App'x 938 (11th Cir. 2019); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

However, the "taking of judicial notice of facts is a highly limited process that bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-CV-23357-UU, 2019 WL 7945226, at *2 (S.D. Fla. Mar. 4, 2019) (quoting *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (internal quotation marks omitted)). Thus, "in order for a fact to be judicially noticed, indisputability is a prerequisite." *Id.* (quoting *Roberts v. Gordy*, No. 13-24700-CIV, 2015 WL 11202323, at *3 (S.D. Fla. Feb. 6, 2015) (internal quotation marks omitted).

The Court has carefully considered Movant's Motion, the Government's response, Movant's reply, the Memorandum Opinion and Order in case No. 17-859 (ABJ) out of the United States District Court for the District of Columbia [DE 53-1], and the entire file in this case. To the extent that partial summary judgment was entered in favor of the Government, who is the defendant in the FOIA case, none of the related court's findings and none of the related filings in that case are relevant to Movant's argument in his Second Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255. In other words, to the extent that partial summary judgment was entered in favor of the Government in the FOIA case, the related facts and findings simply hurt, or are irrelevant to, Movant's position in this case. To the extent that the defendant's motion for summary judgment in the FOIA case was partially denied without prejudice, the facts related to the partial denial are clearly still in dispute and cannot be properly judicially noticed by this Court.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Movant's Motion to Take Judicial Notice of Related Proceeding [DE 51] is **DENIED**.

2. The Motion is also **DENIED** to the extent that Movant requests production of certain emails and text messages. First, according to the Court in the FOIA action, the emails and text messages could not be found after a reasonably adequate search. Second, that issue is not properly before the Court in this case. This Court will not intrude upon the authority and jurisdiction of the Court handling the FOIA proceeding. Third, Movant's request is frivolous and meritless.

3. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Sonny Austin Ramdeo, PID #80568-053, Low Security Correctional Institution – Allenwood, P.O. Box 1000, White Deer, PA 17887.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge